## SANDS v. BENEDICT.

*False imprisonment—Affray in presence of magistrate—power to require se-curity not limited to time of pendency of affray.*

A justice of the peace in whose presence a man, with anger, threatened to and did beat his wife, ordered him to desist, but was driven by the man from the house. He returned to his office and issued a warrant for the arrest of the man who was brought before the justice the next day and required to give security for his appearance at the next court of sessions, and in default of so doing, was committed by the justice. *Held,* that the action of the justice was authorized by 2 R. S. 704, 705, §§ 1 and 8, and he was not liable to an action for false imprisonment therefor.

The authority of a magistrate to require security from one making an affray, etc., in his presence, is not limited to the time of the continuance of the affray, but may be exercised after its conclusion.

APPEAL by plaintiff from a judgment dismissing the complaint entered upon the report of a referee.

The action was brought in Monroe county by Patrick Sands against Elmer D. Benedict, to recover damages for an alleged false imprisonment. The facts fully appear in the opinion.

*Wm. E. Edmonds,* for appellant, cited 2 Hale's P. C. 85, 86, note 2; *Baynes* v. *Brewster,* 1 Gale & Dav. 669; 1 East. P. C. 305, 306;

1 Russ. on Crimes, 599 ; *Case of McKay, etc.*, 5 City Hall Rec. 95; *Taylor* v. *Strong*, 3 Wend. 384 ; *Rex* v. *Wilkes*, 2 Wils. 158.

*W. P. Chase* and *R. L. Burrows*, for respondent.

MULLIN, P. J.    In August, 1872, the defendant, a justice of the peace of the town of Perinton in the county of Monroe, was in the highway near plaintiff's house in said town, and hearing loud and angry words therein, went into the house and found plaintiff in the bedroom where his wife was sitting.    He was drunk.    He told her he would "knock the brains out of her damned head" — "knock her head off," and he struck her with his fist on the side of the head.    The said justice ordered him to desist; the plaintiff said he "would knock hell out of her," used profane and threatening language toward the justice, and finally ordered him out of the house and approached him to put him out.    The justice, fearing to have a personal conflict with the plaintiff, backed out of the door, having told plaintiff that he was a justice of the peace and had the right to require him to keep the peace, and he required him to do it, and if he did not desist from his violence toward his wife he would have him arrested.    There was no person present to aid the justice and he went to his office and there issued his warrant for the arrest of said plaintiff, and the next day plaintiff was brought before the said justice and when the warrant was read to plaintiff, he said it was all right.    Upon being required to give sureties for his appearance at the next court of sessions to be held in and for said county, he refused to give the same and the justice thereupon made out a commitment of the plaintiff to the common jail, there to remain until he gave the security required or was otherwise discharged, and the plaintiff was committed accordingly.    He subsequently gave the bail as required and was discharged, and thereupon brought this action against the justice for false imprisonment.    The cause was referred to a referee who dismissed plaintiff's complaint, and from that judgment plaintiff appeals.

The ground on which the action is sought to be maintained is that the justice had no power to cause the arrest and commitment of the plaintiff upon his own view, except at the very time of the affray during which violence was used or threatened, and that the arrest and commitment in this case being a day after the affray, the justice had no jurisdiction to cause the arrest, and was, therefore, liable for falsely imprisoning the plaintiff.

By section 1 of chap. 2 of part 4 of the Revised Statutes (2 R. S. 704), magistrates are authorized to cause to be kept all laws for the preservation of the peace, and to require persons to give security to keep the peace as provided in that chapter. Section 8 (2 R. S. 705) of said chapter provides that "Every person who, in the presence of any magistrate, above specified, or in the presence of any court of record, shall make any affray or threaten to kill or beat another, or to commit any offense against his person or property, and all persons who, in the presence of such magistrate or court, shall contend with hot and angry words may be ordered by such magistrate or court without any other proof to give such security as above specified, and in case of refusal so to do may be committed in like manner as above provided."

This case furnishes as forcible an illustration of the absurdity of a construction of the section cited that would limit the power of the magistrate to arrest upon view a person committing a breach of the peace as can be found in or out of the books. He finds a drunken maniac not only threatening to kill his wife, but actually using violence toward her — he is physically unable to cope with the offender — he is driven from the house, and violence threatened if he does not at once leave it; there is no one present to make the arrest or to aid the officer in making it. The officer may go before another justice and swear out a warrant, and then procure the arrest and commitment of the offender. But why not issue the warrant himself? If he may do it in the moment of time before the affray ends without other evidence than his own senses furnish him, why may he not do so an hour or a day after? During the affray he may be excited by fear or passion — the day after he would be quite likely free from feelings that would interfere with the exercise of a sound and impartial judgment.

I can appreciate the propriety of requiring a sheriff or constable to make an arrest to prevent a breach of the peace at the very time it is being committed, but the reasons that justify the limitation in such a case have no application to an arrest by a judicial officer charged with the duty of compelling persons to keep the peace.

The referee has in his opinion furnished reasons for the judgment he has rendered, which are, to my mind, sufficient to sustain it. The judgment must be affirmed.

*Judgment affirmed.*